IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INDIANAPOLIS CAR EXCHANGE, INC.,

Plaintiff,

v.

CAR SOURCE USA, INC.,
TRACIE OBEID, and MAHER OBEID,

Defendants.

Case Number:

**<u>COMPLAINT</u>**

The Plaintiff, Indianapolis Car Exchange, Inc. ("ICE"), by counsel, for its claims against the Defendants, Car Source USA, Inc. ("Car Source"), Tracie Obeid ("Tracie" or "Ms. Obeid") and Maher Obeid ("Maher" or "Mr. Obeid"), states as follows:

**PARTIES**

1.      Indianapolis Car Exchange, Inc. is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Whitestown, Boone County, Indiana.

2.      Car Source USA, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Burbank, Cook County, Illinois.

3.      Tracie Obeid is an individual whose principal residence is in Homer Glen, Will County, Illinois.

4.      Maher Obeid is an individual whose principal residence is in Homer Glen, Will County, Illinois.

## JURISDICTION AND VENUE

5.      This action involves claims between citizens of different States, with an amount in controversy that exceeds $75,000.00, exclusive of interests and costs.  Consequently, this Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332.

6.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391.

## COUNT I — BREACH OF NOTE AND SECURITY AGREEMENT

7.      ICE realleges and incorporates the allegations contained in Paragraphs 1 through 6 above as though fully rewritten herein.

8.      ICE operates an automobile auction in Whitestown, Boone County, Indiana and conducts weekly sales of motor vehicles for third parties to registered automotive dealers and wholesalers.

9.      On or about March 7, 2011, Car Source executed an "Amended and Restated Trust, Security and Guaranty Agreement" in favor of ICE (alternatively, the "Note," the "Security Agreement, or the "Guaranty").  A true and accurate copy of the Note is attached hereto and incorporated herein as Exhibit A.[1]

10.     Under the terms of the Note, ICE may extend credit to Car Source for a maximum period of thirty (30) days, which credit includes purchase price plus buyer fees ("Vehicle Price") for vehicles purchased from the day of each auction, together with service fees relating to such vehicles ("Service Fees").

11.     Under the terms of the Note and to secure the amounts due under the Note, Car Source granted ICE a purchase money security interest in the following property (the "Collateral"):

---

[1] Exhibit A attached hereto has been redacted to remove Defendants' personally identifiable information, including account numbers and complete Social Security numbers.  ICE reserves the right to produce an unredacted and complete copy of Exhibit 1 or any other such documents upon request of the Court or another party hereto.

> Any Vehicle purchased by [Car Source] from [ICE] now or in the future ("Collateral"), and in the proceeds thereof, including but not limited to cash, "buy here pay here" contracts, accounts, drafts, or chattel paper, to secure the payment of the Vehicle Prices, Service Fees, and interest for all Collateral and also any other liabilities direct or indirect, absolute or contingent, now existing or hereafter arising from [Car Source] to [ICE] (all called the "Obligations"), all of which [Car Source] promises to pay as provided in this Agreement and any other contract evidencing an Obligation.

(Exhibit A, § 4.)

12.     On June 14, 2011, ICE perfected its security interest by filing a financing statement with the State of Indiana under UCC Financing Statement No. 2011000051995569.  A true and accurate copy of the Indiana financing statement is attached hereto and incorporated herein as Exhibit B.

13.     On December 3, 2012, ICE perfected its security interest by filing a financing statement with the State of Illinois under UCC Financing Statement No. 17802909.  A true and accurate copy of the Illinois financing statement is attached hereto and incorporated herein as Exhibit C.

14.     Upon any default, Car Source agreed to repay to ICE all amounts of credit extended by ICE, including but not limited to all outstanding Vehicle Prices, Service Fees, together with interest thereon at the rate of eighteen percent (18%) per annum, attorney fees and costs of collection.

15.     Section 2(c) of the Note provides that in the event of any default, the entire unpaid balance, together with interest thereon at the rate of eighteen percent (18%) per annum, shall become immediately due and payable, without notice, at ICE's election.  (Exhibit A, p. 1, § 2(c).)

16.     Section 23 of the Note provides that the Note shall be governed by the substantive laws of the State of Indiana.  (*Id*., p. 6, § 23.)

17.     Pursuant to the terms of the Note, ICE extended credit to Car Source for vehicles purchased by Car Source and held in trust for ICE until the extended credit has been fully repaid. The vehicles for which ICE extended credit to Car Source are identified on ICE's Vehicles Receivables Report, attached hereto as Exhibit D.

18.     Car Source has failed to tender the payments due under the Note, and as a result, Car Source has defaulted on the Note.

19.     Car Source now owes ICE the unpaid principal balance of $586,819.00, together with interest continuing to accrue at the rate of eighteen percent (18%) annum, additional service or floor fees, late fees, miscellaneous vehicle costs, attorneys' fees, and costs of collection, net of any proceeds to be applied following recovery and disposition of the Collateral, which amounts are all due and owing to ICE under the Note.

WHEREFORE, the Plaintiff, Indianapolis Car Exchange, Inc., by counsel, respectfully requests that the Court:

A.     Enter judgment on Count I of the Complaint in its favor and against Car Source in the principal amount of $586,819.00, together with default interest as set forth in the Note, service fees, floorplan fees, late fees, miscellaneous vehicle costs, attorney fees, and costs of collection, net of any proceeds to be applied following recovery and disposition of the Collateral;

B.     Declare its lien a valid lien against the Collateral;

C.     Find that ICE's Note and the security interest thereunder are superior to any liens, interests, claims, or security interests in the Collateral asserted by Car Source, or anyone

claiming under or through Car Source, and that said liens, interests, claims, and security interests are inferior to the security interest of ICE;

D.      Enter an order foreclosing the lien of ICE's security interest and foreclosing and barring any interest of Car Source, or anyone claiming under or through Car Source, in the Collateral;

E.      Enter an order directing the sale of the Collateral to pay the judgment;

F.      Award ICE the costs of this action; and,

G.      Award ICE all other relief just and proper in the premises.

## COUNT II — BREACH OF GUARANTY

20.      ICE realleges and incorporates the allegations contained in Paragraphs 1 through 19 above as though fully rewritten herein.

21.      As part of the "Amended and Restated Trust, Security and Guaranty Agreement," Tracie Obeid and Maher Obeid executed a personal guaranty, under the terms of which Tracie Obeid and Maher Obeid guaranteed the full and prompt payment of all sums to be paid under the terms of the Note.

22.      The Guaranty provides that, in the event Car Source fails to pay all or any part of its obligations under the Note, Tracie Obeid and Maher Obeid promise and agree to immediately pay to ICE the amount due, as if such amount constituted the direct and primary obligation of Tracie Obeid and Maher Obeid, including attorney fees and costs of collection.

23.      As part of the "Amended and Restated Trust, Security and Guaranty Agreement," the Guaranty provides that it shall be governed by the substantive laws of the State of Indiana.

24.      Tracie Obeid and Maher Obeid have failed to submit payments due under the Guaranty, and accordingly, Tracie Obeid and Maher Obeid have breached the Guaranty.

25.     There is now due ICE from Tracie Obeid and Maher Obeid under the Guaranty the unpaid principal balance of $586,819.00, together with interest continuing to accrue at the rate of eighteen percent (18%) annum, additional service or floor fees, late fees, miscellaneous vehicle costs, attorneys' fees, and costs of collection, net of any proceeds to be applied following recovery and disposition of the Collateral, which amounts are all due and owing to ICE under the Note.

WHEREFORE, the Plaintiff, Indianapolis Car Exchange, Inc., by counsel, respectfully requests that the Court enter judgment on Count II of the Complaint in its favor and against Tracie Obeid and Maher Obeid, jointly and severally, in the principal amount of $586,819.00, together with interest continuing to accrue at the rate of eighteen percent (18%) annum, additional service or floor fees, late fees, miscellaneous vehicle costs, attorneys' fees, and costs of collection, net of any proceeds to be applied following recovery and disposition of the Collateral, and all other relief just and proper in the premises.

## COUNT III — VICTIMS OF CRIME: DECEPTION AND FRAUD

26.     ICE realleges and incorporates the allegations contained in Paragraphs 1 through 24 above as though fully rewritten herein.

27.     Under the terms of the "Amended and Restated Trust, Security and Guaranty Agreement," Car Source holds the Vehicles in trust for ICE until the credit extended by ICE in connection with such Vehicle has been fully repaid.

28.     Under Section 3 of the "Amended and Restated Trust, Security and Guaranty Agreement," Car Source holds all proceeds received from the disposition of the Vehicles in trust for the benefit of ICE.

29.     Car Source, Tracie Obeid, and Maher Obeid misapplied the proceeds of the sale of motor vehicles in which Car Source granted a purchase money security interest to ICE and which were held in trust for ICE, by failing to make payment to ICE from said proceeds as provided in the Note.  The specific vehicles sold out of trust are identified on ICE's Vehicle Receivables Report, attached hereto as Exhibit D.

30.     By misapplying entrusted property in a manner that Car Source, Tracie Obeid and Maher Obeid knew was unlawful and knew involved substantial risk of loss or detriment to ICE, Car Source, Tracie Obeid, and Maher Obeid committed criminal deception, as that term is defined by Indiana Code § 35-43-5-3.

31.     By transferring the proceeds of the sales in derogation of the Note and with the intent to defraud ICE, Car Source, Tracie Obeid, and Maher Obeid committed criminal fraud, as that term is defined by Indiana Code § 35-43-5-4.

32.     ICE's actual damages from the deception and fraud above total $361,421.00, net of any proceeds to be applied following any recovery and disposition of the vehicles sold out of trust.

33.     ICE has suffered a pecuniary loss as a result of the violations of Indiana Code § 35-43-5-3 and Indiana Code § 35-43-5-4, by Car Source, Tracie Obeid, and Maher Obeid. Pursuant to Indiana Code § 34-24-3-1, ICE is entitled to recover from Car Source, Tracie Obeid and Maher Obeid three (3) times ICE's actual damages from such violations, which is $1,084,263.00, together with attorney fees, interest, and other costs of collection set out herein.

WHEREFORE, the Plaintiff, Indianapolis Car Exchange, Inc., by counsel, respectfully requests that this Court enter judgment on Count III of the Complaint in its favor and against Car Source, Tracie Obeid, and Maher Obeid in the amount of $1,084,263.00, together with interest,

attorney fees, costs coverable pursuant to Indiana Code § 34-24-3-1, and all other relief just and proper in the premises.

### COUNT IV – CONVERSION

34.     ICE realleges and incorporates the allegations contained in Paragraphs 1 through 33 above as though fully rewritten herein.

35.     Under the terms of the "Amended and Restated Trust, Security and Guaranty Agreement," Car Source holds the Vehicles in trust for ICE until the credit extended by ICE in connection with such Vehicle has been fully repaid.

36.     Accordingly, at all relevant times, ICE has been the owner and has the lawful right to possession of the Vehicles until the credit extended by ICE in connection with such Vehicle has been fully repaid.

37.     Car Source, Tracie Obeid, and Maher Obeid have wrongfully converted such Vehicles by wrongfully retaining possession of the Vehicles, selling the Vehicles to third-parties and retaining the proceeds, and/or falsely claiming ownership of the Vehicles.

38.     ICE has demanded that Car Source, Tracie Obeid, and Maher Obeid return the wrongfully converted property, but Car Source, Tracie Obeid, and Maher Obeid have refused to comply with ICE's demand.

39.     As a result of the foregoing, ICE has been damaged and will continue to be damaged.

40.     Because Car Source, Tracie Obeid, and Maher Obeid's actions were and are wanton and willful, ICE is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Indianapolis Car Exchange, Inc., by counsel, respectfully requests that this Court enter judgment on Count IV of the Complaint in its favor and against Car

Source, Tracie Obeid, and Maher Obeid in the amount of $361,421 together with interest, attorney fees, costs, punitive damages in an amount to be determined at trial, and all other relief just and proper in the premises.

## COUNT V — PREJUDGMENT ATTACHMENT

41.    ICE realleges and incorporates the allegations contained in Paragraphs 1 through 39 above as though fully rewritten herein.

42.    Pursuant to the "Amended and Restated Trust, Security and Guaranty Agreement," Car Source has granted ICE permission to conduct periodic inspections of the dealership run by the Defendants and the automobiles located thereon.

43.    ICE's most recent inspection of the dealership run by the Defendants showed that the Defendants have additional vehicles on the dealership lot as inventory for sale, beyond the specific vehicles purchased by the Defendants at ICE's auction.

44.    Upon information and belief, these vehicles and other property of the Defendants could be used to satisfy ICE's claims against the Defendants.

45.    Car Source, Tracie Obeid, and Maher Obeid misapplied the proceeds of the sale of motor vehiclesin which ICE held a purchase money security interest and which were held in trust for ICE, by failing to make payment to ICE from said proceeds as provided in the Note.

46.    To date, and despite ICE's multiple requests, none of the Defendants has committed to returning the Vehicles that were sold out of trust, or keeping the remaining vehicles on the dealership lot at all times as further security for the performance of Defendants' obligations under the "Amended and Restated Trust, Security and Guaranty Agreement."

47.    In light of multiple discussions with Tracie Obeid and Maher Obeid regarding the financial condition of various Defendants in this action, the value of the remaining vehicles on

the dealership lot is the only known means within the United States available to pay the obligations to ICE.

48.     The remaining vehicles on the dealership lot, and any proceeds from the sale of the remaining vehicles on the dealership lot, may become unavailable to satisfy the Defendants' obligation to ICE without an attachment order from this Court.

49.     This is an action for recovery of money and one or more of Defendants has sold, conveyed, or otherwise disposed of the Defendant's property subject to execution, or permitted the property to be sold with the fraudulent intent to cheat, hinder, or delay the Defendant's creditors.

50.     The Defendants' liability to ICE in an amount no less than $586,819.00 is conclusively established by the terms of the "Amended and Restated Trust, Security and Guaranty Agreement" and is currently due and owing.

51.     Accordingly, Defendants' assets are subject to prejudgment attachment.

52.     The prejudgment attachment of the remaining vehicles on the dealership lot is necessary to satisfy the conclusively established liability of the Defendants to ICE.

53.     ICE has made a showing that prejudgment attachment is just and has met all of the statutory requirements for prejudgment attachment.

WHEREFORE, Plaintiff, Indianapolis Car Exchange, Inc., by counsel, respectfully requests that this Court issue an Order of Prejudgment Attachment regarding the personalty of the Defendants up to $586,819.00, net of any proceeds to be applied following recovery and disposition of the Collateral, payable to Indianapolis Car Exchange, Inc., and for all other just and proper relief.

Respectfully submitted,

One of the Attorneys for Plaintiff

/s/ William B. Berndt

Andrew P. Sheff, Attorney No. 1572-49
Attorney at Law
230 East Ohio Street, Suite 200
Indianapolis, IN  46204
Telephone: (317) 888-7002
Facsimile (877) 518-4287
andrew@shefflegal.com
*Pro Hac Vice Admission Pending*

Carina M. de la Torre, Attorney No. 24849-49
The de la Torre Law Office LLC
230 East Ohio Street, Suite 200
Indianapolis, IN  46204
Telephone: (317) 353-3825
Facsimile: (877) 860-2750
carina@dltlawoffice.com
*Pro Hac Vice Admission Pending*

William B. Berndt (ARDC #6269408)
Anand C. Mathew (ARDC #6299435)
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, IL  60606-4617
Telephone: (312) 701-9300
Facsimile: (312) 701-9335